Filed 9/1/2022 11:50 AM
Rosa Norsworthy
District Clerk
Jasper County, Texas

Brandy Gulley, Deputy

CAUSE NO. 40300

| | | |
|---|---|---|
| JUSTIN RANKIN AND | § | IN THE DISTRICT COURT OF |
| TAM TRUONG | § | |
| | § | |
| VS. | § | JASPER COUNTY, TEXAS |
| | § | |
| RKI ENERGY RESOURCES, LLC | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JUSTIN RANKIN and TAM TRUONG, hereinafter referred to as "Plaintiffs," complaining of Defendant, RKI ENERGY RESOURCES, LLC, hereinafter referred to as "RKI", and for cause of action would show unto the Court as follows:

I.

Plaintiffs hereby invoke Level 3 under Tex. R. Civ. P. 190.2(c).

II.

Plaintiff, JUSTIN RANKIN is a resident of Kountze, Hardin County, Texas. The last three digits of his social security number are 895.

Plaintiff, TAM TRUONG is a resident of Lumberton, Hardin County, Texas. The last three digits of his social security number are 823.

Defendant, RKI ENERGY RESOURCES, LLC, is an Oklahoma corporation, doing business in the State of Texas and may be served with process through its registered agent, Capitol Corporate Services, Inc., 206 East 9th Street, Suite 1300, Austin, Texas 78701.

III.

Plaintiffs allege that venue is proper in Jasper County, Texas, because the incident made the basis of this suit occurred in Jasper County, Texas. Moreover, Plaintiffs allege that this Court has jurisdiction herein in that the amount in controversy is within the jurisdictional

requirements of this Court.

IV.

On or about February 5, 2022, Plaintiffs, working in the course and scope of their employment with Global Operating Company, LLC, were directed to replace the control valve on the bottom of a tank at a wellsite operated by Defendant, located at Blackstone Minerals A-981 #1 in Jasper, Texas. While performing their duties, the bottom of the tank the Plaintiffs were working on exploded, causing serious injuries to Plaintiffs. Defendant caused and/or contributed to injuries suffered by Plaintiffs by failing to properly isolate, lock out, tag out, clear, clean, and/or monitor the site and/or equipment at issue where Plaintiffs were severely injured, as it was their duty to do so. Plaintiffs would show that because of the negligence and carelessness of the Defendant, which existed and were allowed to exist at the job site, Plaintiffs were caused to suffer the severe, painful, and disabling injuries which are made the basis of this suit, and which are set out with particularity herein below.

V.

Plaintiffs allege that Defendant, through its respective agents, servants, and/or employees negligently caused or negligently permitted such condition to exist, in spite of the fact that Defendant knew, or in the exercise of ordinary care should have known, of the existence of the condition.

VI.

On the occasion in question, Defendant, acting through its respective agents, servants and/or employees, was guilty of negligence toward the Plaintiffs in the following respects:

    a.    In failing to warn of a dangerous condition that posed an unreasonable risk of harm to Plaintiffs;

b.  In failing to properly maintain site and/or equipment in a safe condition;

c.  In failing to correct a dangerous condition;

d.  In failing to properly isolate, inspect, test, lock out, tag out, clear, clean and/or monitor the site and/or equipment at issue;

e.  In failing to properly utilize safety devices;

f.  Working in a manner that was not safe and in reckless disregard for the safety of other; and

g.  In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in combination, was a proximate cause of Plaintiffs injuries and damages, which are described below.

VII.

The injuries which were inflicted upon Plaintiffs were of such severity that they required treatment and hospitalization. Plaintiff, Justin Rankin suffered severe injuries to his left eye, right arm, broken teeth and body generally along with a chemical rash on the right side of his body. Plaintiff, Tam Truong sustained injuries to his body generally and a laceration to his left eye.

As a result of Defendant's negligence, Plaintiffs suffered the following damages:

1.  Physical pain in the past and future;

2.  Mental anguish in the past and future;

3.  Emotional trauma in the past and future;

4.  Loss of earnings, earning capacity and/or benefits, in the past and future;

5.  Physical impairment in the past and future;

3

6. Medical and health care-related expenses in the past and future; and

7. Disfigurement in the past and future.

VIII.

As a result of the facts hereinabove alleged, Plaintiffs have been made to suffer and sustain at the hands of the Defendant general and special damages in an amount in excess of the jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial. While the amount of the Plaintiffs' damages are the sole province of the jury, Plaintiffs are required to plead a minimum amount of damages. In accordance with Tex. R. Civ. Pro. 47, Plaintiffs are seeking damages in excess of $1,000,000.00.

IX.

Plaintiffs further assert a claim for pre-judgment interest for all elements of damage.

X.
**RULE 193.7 NOTICE**

Plaintiffs intend to use all Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

XI.
**REQUEST FOR DISCLOSURE**

Under the authority of Texas Rules of Civil Procedure 194, Plaintiffs request that, within thirty (30) days after the filing of the first answer or general appearance, Defendant discloses the information or material described in Rule 194.2(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer herein as the law directs, and that upon final hearing hereof, Plaintiffs have and recover judgment of and from the Defendant, pursuant to the above and

foregoing allegations in such amount as the evidence may show proper at the time of trial, for costs of Court, interest on said sums from date of judgment until paid, and for such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be justly entitled.

        Respectfully submitted,

        **PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
        490 Park Street
        P.O. Box 4905
        Beaumont, Texas 77704
        (409) 835-6000
        FAX: (409) 813-8605

BY: _/s/ Sean C. Villery-Samuel_
        SEAN C. VILLERY-SAMUEL
        State Bar No. 24070802
        svillery-samuel@pulf.com
        JAMES E. PAYNE
        State Bar No. 00788171
        jpayne@pulf.com

        ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

_/s/ Sean C. Villery-Samuel_
SEAN C. VILLERY-SAMUEL

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): _____   COURT (FOR CLERK USE ONLY): _____

STYLED: JUSTIN RANKIN AND TAM TRUONG VS. RKI ENERGY RESOURCES, LLC
(e.g., John Smith v. All American Insurance Co, In re Mary Ann Jones, In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: | Email: | Plaintiff(s)/Petitioner(s): | Person or entity completing sheet is: |
|---|---|---|---|
| SEAN VILLERY-SAMUEL | svillery-samuel@pulf.com | JUSTIN RANKIN | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: | Telephone: | TAM TRUONG | |
| 350 PINE ST., STE 1100 | 4098356000 | | Additional Parties in Child Support Case: |
| City/State/Zip: | Fax: | Defendant(s)/Respondent(s): | Custodial Parent: |
| BEAUMONT, TX 77701 | 4098138605 | RKI ENERGY RESOURCES, LLC | Non-Custodial Parent: |
| Signature: /s/ | State Bar No: 24070802 | | Presumed Father: |

[Attach additional page as necessary to list all parties]

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract**<br>☐ Consumer DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>**Foreclosure**<br>☐ Home Equity - Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>**Malpractice**<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>**Product Liability**<br>☐ Asbestos/Silica<br>☒ Other Product Liability<br>List Product: TANK<br>☐ Other Injury or Damage. | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>**Divorce**<br>☐ With Children<br>☐ No Children<br><br><br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child. |

| Employment | Other Civil | | | |
|---|---|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | **Probate/Wills/Intestate Administration**<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court  ☐ Declaratory Judgment  ☐ Prejudgment Remedy
☐ Arbitration-related                     ☐ Garnishment          ☐ Protective Order
☐ Attachment                              ☐ Interpleader         ☐ Receiver
☐ Bill of Review                          ☐ License              ☐ Sequestration
☐ Certiorari                              ☐ Mandamus             ☐ Temporary Restraining Order/Injunction
☐ Class Action                            ☐ Post-judgment        ☐ Turnover

### 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Genia Marks on behalf of Sean Villery-Samuel
Bar No. 24070802
gmarks@provostumphrey.com
Envelope ID: 67882208
Status as of 9/1/2022 12:08 PM CST

Associated Case Party: Justin Rankin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sean Villery-Samuel | | svillery-samuel@pulf.com | 9/1/2022 11:50:23 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Genia Marks on behalf of Sean Villery-Samuel
Bar No. 24070802
gmarks@provostumphrey.com
Envelope ID: 67882208
Status as of 9/1/2022 12:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Genia Marks | | gmarks@pulf.com | 9/1/2022 11:50:23 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Genia Marks on behalf of Sean Villery-Samuel
Bar No. 24070802
gmarks@provostumphrey.com
Envelope ID: 67882208
Status as of 9/1/2022 12:08 PM CST
Associated Case Party: Tam Truong

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sean Villery-Samuel | | svillery-samuel@pulf.com | 9/1/2022 11:50:23 AM | SENT |